OPINION
{¶ 1} On August 16, 2001, Lenora E. Stewart, Lenora Stewart and Kenneth Stewart filed a complaint in the Court of Claims of Ohio. The complaint named The Ohio State University Medical Center as the defendant.
 {¶ 2} Counsel for The Ohio State University Medical Center filed an answer in which he alleged that the claims were barred by the applicable statutes of limitation because the treatment alleged in the complaint occurred in July and August of 1997. Lenora E. Stewart had been a minor when she was treated, but she had turned 18 on August 20, 1999.
 {¶ 3} The Court of Claims granted summary judgment for The Ohio State University Medical Center. Counsel for the Stewarts has pursed a direct appeal, assigning a single error for our consideration:
 {¶ 4} "The Court Of Claim's [sic] Erred In Finding That The One Year Statute Of Limitation [sic] Governing Medical Malpractice Cases Governs This Case."
 {¶ 5} Counsel for appellants argues that because the medical treatment provided to Lenora E. Stewart included the leaving of a gauze pack and/or cotton swabs in Lenora's body, a two-year statute of limitations applies and Lenora's complaint was timely.
 {¶ 6} As a general rule, civil cases in the Ohio Court of Claims are subject to a two-year statute of limitations. See R.C. 2743.16(A). However, the two-year period is shortened when a shorter time period is applicable to similar suits between private parties.
 {¶ 7} R.C. 2305.11(B)(1) provides that an action based upon a medical claim shall be commenced within one year from when the claim for relief accrued. R.C. 2305.11(D)(3) defines a medical claim as follows:
 {¶ 8} "`Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. " `Medical claim' includes the following:
 {¶ 9} "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
 {¶ 10} "(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following apply:
 {¶ 11} "(i) The claim results from acts or omissions in providing medical care.
 {¶ 12} "(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
 {¶ 13} "(c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code."
 {¶ 14} The trial court, in granting summary judgment, noted that the foreign body left inside Lenora E. Stewart was found and removed while she was still a minor. Thus, the trial court found the latest date for the filing of a medical claim against The Ohio State University Medical Center was one year after Lenora E. Stewart turned 18.
 {¶ 15} The argument on behalf of Lenora E. Stewart that a two-year statute applies is based upon a theory that a contract theory of liability or a nonmedical negligence theory of liability can be applied, thereby avoiding a "medical malpractice" theory with its one-year statute of limitations. This argument has been fully considered and rejected by a panel of this court in Prysock v. Ohio State Univ. Med. Ctr., Franklin App. No. 01AP-1131, 2002-Ohio-2811. The facts in the Prysock case in many ways parallel the facts in Lenora E. Stewart's case.
 {¶ 16} Based upon Prysock, we overrule the sole assignment of error. As a result, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.